IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM SIMMONS,<br><br>   Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU, and DET. KENDELL WONG, in his individual capacity and official capacities as a police officer,<br><br>   Defendants. | Civil No. 26-00091 MWJS-RT<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

  Pro se Plaintiff William Simmons has filed a complaint against the City and County of Honolulu and Detective Kendell Wong, a police officer. Simmons has also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security. When an IFP application is filed, the court must screen the proposed complaint to determine whether it states a claim upon which relief can be granted by the court.

  Simmons cannot afford court fees, and so the court GRANTS his IFP application. But for the reasons stated below, the complaint does not currently state a claim for which the court can provide relief. The court therefore DISMISSES the complaint with

leave to amend.  If Simmons wishes to continue pursuing this case, he must file an amended complaint by April 10, 2026.

## DISCUSSION

### A.     Application to Proceed In Forma Pauperis

Typically, a person who wishes to bring a lawsuit in federal court is required to pay various court fees.  Federal law, however, permits federal courts to allow a person to proceed without prepaying those fees (or providing security for them) if that person submits an affidavit showing that they cannot afford the fees.  *See* 28 U.S.C. § 1915(a).  While there is no specific formula to determine whether an IFP applicant can afford the fees, an IFP affidavit must at least allege "that the affiant cannot pay the court costs and still afford the necessities of life," and it must do so "with some particularity, definiteness and certainty."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Here, Simmons' IFP affidavit indicates that he is unemployed, has not received income from any source in the past twelve months, and has no money or assets.  Dkt. No. 2, at PageID.14-15.  Simmons' only expense is a $50 per month phone bill, because, as the affidavit explains, Simmons is "homeless."  *Id.* at PageID.15.  Based on these representations, the court finds that Simmons has demonstrated an inability to afford court fees pursuant to 28 U.S.C. § 1915.  *See, e.g., Bahrampour v. United States*, No. 16-cv-00985, 2016 WL 11185590 (D. Nev. May 9, 2016).  The court therefore GRANTS his IFP application.

### B. Screening of Simmons' Complaint

When a plaintiff proceeds in forma pauperis, the court must screen the complaint to ensure that it is not frivolous, malicious, and does not fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Because Simmons is a pro se plaintiff, the court construes his complaint liberally. *See, e.g., Kula v. Malani*, 539 F. Supp. 2d 1263, 1266 (D. Haw. 2008). But even when construed liberally, the complaint of a pro se plaintiff must offer enough facts to state a claim for relief that is plausible on its face. *Id.; see also Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Put differently, it is not enough for the complaint to simply accuse the defendant of harming the plaintiff, or even for it to allege that the defendant harmed the plaintiff by violating a particular law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must include specific factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Simmons' complaint includes the following facts, which the court accepts as true for the purposes of this screening order. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). At some point prior to the events leading up to the filing of this lawsuit, Simmons "was attacked from behind" and defended himself against his attacker. Dkt. No. 1, at PageID.4. The unnamed man was apparently injured in the fray and ultimately succumbed to his injuries. *Id.*

Simmons was presumably charged with a crime as a result of the unnamed man's death, because the complaint suggests that "on or about August"—the complaint does not specify the year—legal proceedings against Simmons occurred in Honolulu.[1] *Id.* During those proceedings, "the State of Hawaiʻi use[d] excessive hearsay instead of the witnesses that saw the incident." *Id.* During these proceedings, Detective Wong was sworn and testified. *Id.* According to Simmons, Wong lied under oath during his testimony, *id.* at PageID.9, although he does not specify how. And at some point, when Wong was asked a question by the jury, State Attorney Anna Jackson (who is not a party to this action) told Wong not to answer. *Id.* at PageID.4. In Simmons' view, Jackson's instruction "show[s] intent to cover the truth" and to cover up Wong's alleged perjury. *Id.* at PageID.4, 9. As a result of this conduct, Simmons states that he suffered "loss of liberty, emotional distress, psychological trauma, reputational harm, and economic damages." *Id.* at PageID.5.

Simmons' complaint asserts three claims based on these facts: "unlawful seizure and due process violations," in violation of 42 U.S.C. § 1983; malicious prosecution, also

---

[1] Simmons also filed a request for equitable tolling alongside his complaint and IFP application, *see* Dkt. No. 3, which states that his claims "accrued upon favorable termination on Sept. 5, 2025." *Id.* at PageID.16. Because the court dismisses his complaint, it does not reach the merits of the equitable tolling request. But Simmons is advised that if he chooses to amend his complaint, he should to the best of his ability allege the exact dates (including day, month, and year) upon which the events described in his complaint occurred. Any argument for equitable tolling may also be included in amended complaint.

in violation of Section 1983; and municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Dkt. No. 1, at PageID.8. As relief, he seeks "compensatory and punitive [damages] in excess of $10,000,000," as well as declaratory and injunctive relief. *Id.* at PageID.5.

"To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Simmons has alleged that his constitutional right to be free from unreasonable seizure, and entitlement to due process, was violated. But a Section 1983 claim must also, like all claims, contain sufficient factual matter to "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. And while the complaint provides some context generally suggesting how Simmons' constitutional rights may have been violated, it contains no explanation of how any action taken by the City & County or Wong led to those violations.

As far as the City & County of Honolulu is concerned, the complaint contains no allegations about it at all. (It does not even make clear whether Wong is a detective for the Honolulu Police Department.) And "[t]o survive screening, a complaint requires facially plausible, sufficient factual detail to allow the court to reasonably infer that *each named defendant is liable for the misconduct alleged.*" *Rowan v. Dep't of Pub. Safety*,

No. 19-cv-254, 2019 WL 2453642, at *1 (D. Haw. June 12, 2019) (emphasis added) (citing *Iqbal*, 556 U.S. at 678).

The complaint also does not include sufficient factual matter to sustain a claim against Wong. To be sure, Simmons asserts in the complaint that Wong lied under oath. But that allegation is a legal conclusion, and without more, the court cannot assume its truth. *Iqbal*, 556 U.S. at 680. In order to pass screening, such a legal conclusion must be accompanied by facts that support it. No such facts are present here: the complaint contains no indication of what Wong said, when he said it, why it was a lie, or how it caused the alleged unlawful seizure, due process violations, and malicious prosecution. Without that information, Wong lacks "fair notice of what the claim [against him] is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

The upshot is that the complaint in its current form does not plausibly state a claim of a Section 1983 violation against either the City & County of Honolulu or Wong. The court therefore DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2).

### C.  Leave to Amend

Although the court dismisses the complaint, it recognizes that Simmons is proceeding pro se and could fix the problems with his current complaint through amendment. If Simmons can allege additional facts that would explain the precise nature of the actions each Defendant took to harm him, and how those actions violated Simmons' rights, his complaint could potentially state a claim. The court therefore

6

GRANTS Simmons leave to amend.  *See* Fed. R. Civ. P. 15(a)(2); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Any amended complaint must be filed by April 10, 2026, and it must fix the problems identified in this order.  It must comply with the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 10.4, which requires Simmons to "reproduce the entire pleading as amended"; he "may not incorporate any part of a prior pleading by reference."  Simmons is cautioned that failure to timely file an amended complaint that fixes the problems identified in this order will result in the automatic dismissal of this case.

## CONCLUSION

For the foregoing reasons, the court GRANTS Simmons' in forma pauperis application, but DISMISSES his complaint with leave to amend.  If Simmons wishes to file an amended complaint, he must do so by April 10, 2026.

IT IS SO ORDERED.

DATED:  March 13, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 26-00091 MWJS-RT; *William Simmons v. City & County of Honolulu and Det. Kendell Wong*; ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND